**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

IN RE:

TIMOTHY WILLIAMS &                                            CASE NO.: 07-40133-LMK
RACHEL WILLIAMS,

  Debtors.                                                      CHAPTER: 13
_____/

## ORDER DENYING DEBTORS' MOTION TO EXTEND STAY AND DISMISSING CASE

THIS MATTER is before the Court on the Debtors' Motion to Extend Automatic Stay (the "Motion") (Doc. 26). The Motion must be denied, and this case must be dismissed, because the Debtors are ineligible for bankruptcy relief pursuant to 11 U.S.C. § 109(g). Under § 109(g)(2), an individual may not be a debtor if, within 180 days of the commencement of the later case, that person requested and obtained a voluntary dismissal of a bankruptcy case in which a motion for relief from the automatic stay had been filed. The Debtors filed a previous petition, Case Number 06-40455-LMK, on October 17, 2006; in that case, the motions for relief from stay filed on December 27, 2006 and January 19, 2007 were granted on January 24, 2007 and February 9, 2007, respectively. The Debtors filed their Amended Notice of Voluntary Dismissal on March 12, 2007, which is within 180 days of the filing of the petition in the instant case. Therefore, the Debtors are not eligible for relief, and this case should be dismissed. 11 U.S.C. § 109(g).

Furthermore, the Motion to Extend the Automatic Stay was untimely. The Debtors filed the instant petition on March 21, 2007. The Motion was filed on April 12, 2007—22 days later. Local Rule 4001-3 requires motion to extend the automatic stay under 11 U.S.C. § 362(c)(3) to be filed within five days of the petition. N.D. Fla. LBR 4001-3. This is because the automatic stay terminates by operation of law on the thirtieth day after the filing of the petition in the later case unless the Court extends the stay after notice and a hearing completed before the expiration

of the 30-day period, 11 U.S.C. § 362(c)(3)(B). Basic principles of due process require that creditors receive reasonable notice of the hearing. The tardiness of the filing of the Motion in this case leaves no time for reasonable notice to be sent to creditors and parties in interest, and then for a hearing to be held and completed, before the 30-day period expires. *See In re Covert*, 355 B.R. 327 (Bankr. N.D. Fla. 2006).

Accordingly, it is hereby ORDERED and ADJUDGED that

1.) The Debtors' Motion to Extend Automatic Stay (Doc. 26) is DENIED.

2.) This case is DISMISSED.

DONE and ORDERED in Tallahassee, Florida this 13th day of April, 2007.

LEWIS M. KILLIAN, JR.
Chief United States Bankruptcy Judge

cc: All parties in interest